UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE KELLER, | No.  2:13-cv-0221 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born March 2, 1966, applied on July 23, 2009 for DIB and on September 15, 2010 for SSI, alleging disability beginning February 27, 2007.  Administrative Transcript ("AT") 173-179.  Plaintiff alleged she was unable to work due to depression, poor concentration and insomnia.  AT 192.  In a decision dated September 8, 2011, the ALJ determined that plaintiff was

/////

not disabled.[1]  AT 45-53.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2.  The claimant has not engaged in substantial gainful activity since February 27, 2007, the alleged onset date.
>
> 3. The claimant has the following severe impairments:  an affective disorder and an anxiety-related disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?    If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

perform a full range of work at all exertional levels but with the following non-exertional limitations: simple, repetitive tasks equating to unskilled work with reduced interpersonal contact.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on March 2, 1966, and was forty years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high-school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 27, 2007, through the date of this decision.

AT 47-52.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly evaluated the medical evidence and improperly discredited her.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

"The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A.  Medical Evidence

Plaintiff contends the ALJ improperly rejected the opinions of Drs. Kopoian, Fisher and Brody. Drs. Kopoian and Fisher are examining psychologists; Dr. Brody is a treating psychiatrist. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830. While a treating professional 's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different

4

independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Plaintiff contests the ALJ's evaluation of three record medical opinions. As discussed below, the ALJ did not reject the opinions of consultative examining psychologists Dr. Kopoian and Dr. Fisher and appropriately incorporated their assessed limitations into the residual functional capacity. With respect to Dr. Brody, however, the ALJ accorded little weight to his opinion. AT 51. In May, 2011, Dr. Brody indicated in a checkbox mental residual functional capacity assessment that plaintiff was moderately to markedly limited in almost all categories of work functions. AT 495-496, 498-500. The ALJ acknowledged that Dr. Brody was a treating physician but considered the very brief treatment relationship (from March to May 2011) that Dr. Brody had had with plaintiff. AT 51. The ALJ also noted that Dr. Brody's own records did not support the extreme limitations assessed by this doctor. AT 51. This conclusion is supported by the record. AT 472-478. Additional records submitted to the Appeals Council and made a part of the administrative record do not undermine the validity of the factors considered by the ALJ in evaluating Dr. Brody's opinion. AT 12. In June, 2012, Dr. Brody filled out another form indicating similar limitations; the subsequent medical records[2] again do not support Dr. Brody's extreme limitations. AT 503-510, 513-522.

Dr. Kopoian evaluated plaintiff on April 17, 2009. In a comprehensive report dated April 30, 2009, Dr. Kopoian opined plaintiff could perform simple, 2-3 sequence tasks without continuous supervision and complex tasks with modification of time allowances. AT 349-355. Dr. Kopoian further opined that plaintiff could interact effectively with people in simple, low

---

[2] The records reflect infrequent visits, including two no-shows (for appointments on March 5, 2012 and November 18, 2011) for a condition which plaintiff contends is disabling.

1  stress settings and would need to be precluded from work settings with no more than ordinary
2  levels of stress and tension. AT 355.  Plaintiff contends the ALJ improperly rejected this opinion.
3  Contrary to plaintiff's contention, however, the ALJ accorded "much weight" to this opinion
4  because it was consistent with the record as a whole and well-supported by the doctor's report.
5  AT 50.  The ALJ's assessment of plaintiff's residual functional capacity limiting plaintiff to
6  simple, repetitive tasks equating to unskilled work with reduced interpersonal contact
7  appropriately captured the limitations assessed by Dr. Kopoian.[3]  See, e.g. Vezina v. Barnhart, 70
8  Fed. Appx. 932 (9th Cir. 2003) (in response to hypothetical restricting plaintiff to low-stress
9  work, vocational expert listed jobs involving simple, repetitive, unskilled tasks).

10          Similarly, the ALJ accorded much weight to the opinion of examining psychologist Dr.
11  Fisher, who performed a comprehensive evaluation on plaintiff in November, 2009, and opined
12  that plaintiff had good to fair abilities in all work related functional capacities except for a poor
13  capacity to tolerate stress and strains of job responsibilities.  AT 50-51, 392-396.  Limiting
14  plaintiff to simple repetitive tasks with reduced interpersonal contact accommodated Dr. Fisher's
15  limitation with respect to job stress.  The ALJ's finding that plaintiff's stress limitations could be
16  appropriately accommodated by unskilled work was also supported by the assessments of the
17  state agency physicians who noted plaintiff's problems with tolerating stress but assessed plaintiff
18  with the ability to perform simple repetitive tasks with limited public contact. AT 407,410.  In
19  sum, there was no error in the ALJ's evaluation of the record medical evidence.

20          B.  Credibility

21          Plaintiff further contends that the ALJ failed to provide sufficient reasons for discrediting
22  plaintiff.  The ALJ determines whether a disability applicant is credible, and the court defers to
23  the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g.,
24  Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an
25  explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

---

[3] Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time ." 20 C.F.R. §§ 404.1568; 416.968. Unskilled work does not require working with people. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.00(I), 202.00(g); SSR 85-15.

Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff reported that she was unable to work due to depression, poor concentration, and insomnia. AT 192. She testified that she could not be employed in a regular job because she was too emotional and had too much stress. AT 81-82. The ALJ found plaintiff's statements concerning the limiting effects of her symptoms were not credible for several reasons. The ALJ considered the fact that although plaintiff had not engaged in substantial gainful activity as defined under the regulations since the alleged onset date, she had engaged in activities which

required her to perform work related functions on a sustained basis for over two years after the alleged onset date, work which plaintiff characterized as stressful, and which included working as a student teacher in a pre-school, as an apartment manager receiving rent checks and dealing with complaints from tenants, and eight months working with a probate attorney inventorying documents from an estate.  AT 51, 72-74, 97, 105, 181, 200, 361, 373.  The ALJ also factored into the credibility analysis plaintiff's lack of compliance with her medication regimen for a condition plaintiff alleged was disabling and her positive response when medication compliant.  AT 51, 339, 376, 392, 473, 482.  The factors considered by the ALJ in discrediting plaintiff are valid and supported by the record.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  January 13, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 keller0221.ss